# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JACOB THOMAS EARLS,
ADC #114556                                                                PLAINTIFF

V.                       5:17CV00091 DPM/JTR

DR. STEVEN STRINGFELLOW; and
ARTHUR BROWN, Corporal,
Cummins Unit, ADC                                                       DEFENDANTS

## RECOMMENDED PARTIAL DISPOSITION

The following Recommended Partial Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation. Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

In this *pro se* § 1983 action, Plaintiff, Jacob Thomas Earls ("Earls"), alleges that Defendants Dr. Stringfellow and Corporal Arthur Brown failed to provide him with adequate dental care for an impacted wisdom tooth. *Doc. 2.*

On October 26, 2017, Earls filed a Motion for a Temporary Restraining Order or Preliminary Injunction that seeks relief that is unrelated to his underlying dental care claim. *Doc. 18.* Specifically, Earls asks the Court to order that he be immediately transferred to another ADC Unit because Defendants have retaliated against him for filing this lawsuit. *Id.*

The purpose of a preliminary injunction is "to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Thus, the party requesting a preliminary injunction must "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.*

Earls has not established a relationship between the alleged retaliation that he suffered after filing this action and the merits of his underlying dental care claim. Because transferring Earls to another Unit would not preserve the status quo as to his dental care claim, his request for preliminary relief is improper. *See, e.g., Devose*, 42 F.3d at 471 (affirming the denial of a prisoner's request for a preliminary

injunction because his allegations of recent retaliation for filing the lawsuit were "entirely different from" the inadequate medical care claims and relief requested in his § 1983 complaint); *Owens v. Severin*, Case No. 08-1418, 2008 WL 4240153 (Sept. 18, 2008) (unpublished opinion) (affirming the denial of a prisoner's request for a preliminary injunction because "the relief sought was unrelated to the allegations in his [§ 1983] complaint").

Further, in order to pursue retaliation claims that arose after he commenced this action, Earls must first properly and fully exhaust his retaliation claims within the ADC's grievance procedure. If Earls does not obtain relief from the ADC through the grievance process, he can bring his retaliation claims in a *new and separately filed § 1983 action.* See 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

## II.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  Earls's Motion for a Temporary Restraining Order or Preliminary Injunction *(Doc. 18)* be DENIED.

2.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 27th day of November, 2017.

                    */s/ J. Thomas Ray*
                    UNITED STATES MAGISTRATE JUDGE