# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JACOB THOMAS EARLS                                                    PLAINTIFF
ADC #114556

V.                          5:17-CV-00091-DPM-JTR

DR. STEVEN STRINGFELLOW and
ARTHUR BROWN                                                         DEFENDANTS

### RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D. P. Marshall, Jr.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation. An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

1

## I. Introduction

Jacob Thomas Earls ("Earls"), an inmate at the Cummins Unit of the Arkansas Department of Correction ("ADC"), has filed this § 1983 action against Arthur Brown, an ADC correctional officer, and Dr. Steven Stringfellow, a dentist. Earls claims that Officer Brown and Dr. Stringfellow denied him constitutionally adequate care to treat an impacted wisdom tooth. *Doc. 2.*

Officer Brown and Dr. Stringfellow have each filed Motions for Summary Judgment, Briefs in Support, and Statements of Undisputed Facts. *Docs. 25-27 & 34-36.* Earls has filed Responses in opposition. *Docs. 41-43.*

Before addressing the merits of Defendants' Motion for Summary Judgment, the Court will summarize the relevant undisputed facts giving rise to Earls' claims against them:[1]

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

1. On June 20, 2016, Earls turned in a health services request form seeking care for an impacted wisdom tooth. He wrote that the tooth was hurting and causing headaches. He further advised that he previously had a "similar wisdom tooth" that "had to be cut out." (Med. Records, *Doc. 36-1*, Exh. A at p. 1; Earls Depo., *27-2*, Exh. B at p. 5).

2. On June 21, 2016, medical staff received Earls' request and made an appointment for him to see Dr. Stringfellow the next day, June 22. (Stringfellow Decl., *Doc. 36-2*, Exh. B at 1).

3. On June 22, 2016, Dr. Stringfellow's office called Earls twice for his appointment, at 6:30 a.m. and 10:00 a.m., but Earls was not escorted to his appointment. (Med. Records, *Doc. 36-1*, Exh. A at p. 2; Stringfellow Decl., *Doc. 36-2*, Exh. B at 1).

4. Dr. Stringfellow has no involvement in scheduling dental appointments or transporting inmates to their appointments. He does not know why Earls was not transported to his June 22 appointment. (Stringfellow Decl., *Doc. 36-2*, Exh. B at 1).

5. On June 22, 2016, Earls was housed in administrative segregation at the Cummins unit, and Officer Brown was one of three correctional officers in the administrative segregation area where Earls was being held. Officer Brown

received instruction from the control booth to get Earls "on standby for medical." Officer Brown promptly advised Earls that he was on standby for medical and asked him if he needed a jumpsuit for the transfer. (Brown Aff., *Doc. 27-1*, Exh. A at ¶¶ 2, 4, 10-11).

      6.     The next step would have been to take Earls to the "bullpen" to await an escort to his dental appointment. Brown did not take this "next step" because he never received an order to move Earls from his cell to the bullpen. (*Id.,* at ¶¶ 8- 9, 13).

      7.     Officer Brown lacks the authority to transfer an inmate from administrative segregation to a medical appointment without receiving an order instructing him to do so. Nor can he transfer an inmate by himself, because at least two correctional officers must transport inmates. (*Id.*, at ¶ 14).

      8.     In his interactions with Earls on June 22, Officer Brown was unaware of *why* Earls was scheduled for a medical appointment. Officer Brown did not observe anything about Earls' appearance suggesting he was in pain. Earls does not recall telling Officer Brown that he was in pain. (Brown Aff., *Doc. 27-1*, Exh. A at ¶ 12; Earls Depo., *27-2*, Exh. B at p. 8).

9.      On July 21, 2016, Earls submitted his second health services form requesting care for his wisdom tooth.[2] He stated it was hurting "very badly" and causing headaches. He also offered his opinion that it needed to be "cut out" and "pulled." (Med. Records, *Doc. 36-1*, Exh. A at p. 3).

10.     Medical staff received Earls' July 21st request for dental attention for his impacted molar on July 22. Three days later, July 25, 2016, Earls was transported to a dental appointment with Dr. Stringfellow. He diagnosed Earls with a partial bony impaction of tooth # 32 and pericoronitis, inflammation of the soft tissues around his partially erupted wisdom tooth. Dr. Stringfellow prescribed antibiotics to treat the infection and to prevent any potential bone infection. He also placed Earls on the list for surgery to extract the tooth. (Med. Records, *Doc. 36-1*, Exh. A at p. 4; Stringfellow Decl., *Doc. 36-2*, Exh. B at p. 2).

11.     On August 10, 2016, Earls was transported to the dental clinic to have his wisdom tooth, which was horizontally impacted, removed. Dr. Stringfellow administered Lidocaine with epinephrine, to numb the area. He performed an osteotomy and sectioning of the tooth, to minimize the amount of bone cut into

---

[2] Earls offers no explanation for why he waited almost 30 days after he missed his June 22 dental appointment to request another appointment.

during the process. Dr. Stringfellow prescribed Excedrin Migraine for pain and gave Earls a "lay-in" from his job at the garment factory for the next three days. (Stringfellow Decl., *Doc. 36-2*, Exh. B at p. 2; *Doc. 36-1*, Exh. A at p. 7).

12. After the extraction, Earls was bedridden for two to four days after which he started to feel better. (Earls Depo., *Doc. 36-5* at pp. 3-4).

13. Following the August 10, 2016 extraction of his wisdom tooth, Earls did not request or receive any further medical care related to any dental issues. (Haynes Decl., *Doc. 36-3*, Exh. C at 1).

14. In the professional opinion of Dr. Martin Zoldessy, a licensed dentist, the care that Dr. Stringfellow provided to Earls was appropriate and consistent with sound dental practices. (Zoldessy Decl., *Doc. 36-4*, Exh. D at p. 3).

## II. Discussion

Defendants argue that they are entitled to summary judgment on Earls' claims that they violated his constitutional rights. The Court agrees.

To proceed to trial on his inadequate medical care claims, Earls must have evidence demonstrating that: (1) he had an objectively serious medical need for treatment of his impacted wisdom tooth; and (2) Defendants subjectively knew of, but were deliberately indifferent to, that serious medical need. *See Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris,* 614 F.3d 445, 460

(8th Cir. 2010).

The Eighth Circuit has explained that deliberate indifference "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998). Additionally, it is well settled that a physician's or nurse's negligence or even gross negligence in making treatment decisions are insufficient to establish a constitutional violation. *Langford v. Norris*; 614 F.3d 445, 460 (8th Cir. 2010); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006). *Likewise, a prisoner's disagreement with a medical provider's treatment decisions does not rise to the level of a constitutional violation. Id.*

### A.  Claim against Officer Brown

Earls faults Officer Brown for not ensuring that he was transported for his June 22nd appointment. However, Earls offers no evidence to counter Officer Brown's evidentiary showing that: (1) absent an order, Officer Brown lacked the authority to transfer Earls to his June 22nd dental appointment; (2) Officer Brown did not transport Earls to his dental appointment because he did not receive an order to do so; (3) Officer Brown did not know what kind of appointment Earls had or its purpose; and (4) Officer Brown was not aware that Earls' impacted wisdom

7

tooth was causing Earls' pain. Additionally, as Earls admits, he does not know whose responsibility it was to make sure he was transported to his dental appointment. (Earls Depo., *Doc. 27-2*, Exh. B at p. 11).

In support of his claim against Officer Brown, Earls points to the September 6, 2016 favorable decision when he appealed the denial of his first grievance, concerning the failure to transport him to his June 22 appointment. The prison official deciding his appeal found: "Due to you not being escorted to your appointment and the delay in you being seen, this appeal is with merit." (*Doc. 42* at p. 1; Doc. *2* at p. 7). This decision does not, however, place any fault on Officer Brown. More importantly, the fact that Earls may have prevailed on his first grievance is not dispositive of Earls' constitutional claim against Officer Brown, which hinges on whether he was deliberately indifferent to Earls' need for dental care.

First, while Earls had an objectively serious need for treatment of his impacted wisdom tooth on June 22, he has provided *no evidence* suggesting that Officer Brown was subjectively aware of that need or that he deliberately prevented Earls from being transported to his scheduled appointment with Dr. Stringfellow. Officer Brown lacked the authority to transfer Earls without an order to do so. While he could have made inquiry into why Earls was not being taken to his appointment, his

8

failure to do so, under the circumstances, was at most negligence, which is insufficient to support a finding in Earls' favor. *See Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("At best, plaintiff's proof in this appeal amounts to negligent conduct, not deliberate or willful conduct on [the jailors'] part.").

Second, Earls' inadequate medical care claim against Officer Brown, who is not a medical provider, is rooted in the contention that Officer Brown delayed Earls receiving the necessary dental attention. Thus, Earls must offer some medical evidence to demonstrate he was harmed by the alleged delay in treatment. *Jackson v. Riebold*, 815 F.3d 1114, 1120-21 (8th Cir. 2016); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (explaining that, to avoid summary judgment on a delay in medical care claim, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment); *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) (same). This requires Earls to show Officer Brown was aware of but ignored a critical or escalating medical situation, or that the delay adversely affected Earls' prognosis. Earls offers no evidence to support such a finding. Based on the undisputed facts, there simply is no evidence to permit a jury to find that Officer Brown was deliberately indifferent to a known medical need or that he caused a delay in treatment which harmed Earls.

For both of these reasons, Officer Brown is entitled to judgment as a matter

of law on Earls' claim.

### B. Claim against Dr. Strickland

Earls faults Dr. Strickland for not ensuring Earls' was transported to the June 22 appointment and for inflicting unnecessary pain on him and "midevil [sic] torture extraction" during the August 10 removal of the wisdom tooth. (*Doc. 2 at p. 5*). He speculates that Dr. Strickland purposefully inflicted pain on him after learning that he is a sex offender or in retaliation for Earls' filing a grievance about the missed June 22 appointment. Finally, Earls also complains that Dr. Stringfellow used the wrong technique to extract the tooth, failed to prescribe pain medication, and failed to give him enough bed rest days after the procedure.

Earls presents *no evidence* that Dr. Strickland was deliberately indifferent to Earls' need for dental care, either in connection with the missed June 22 appointment or the tooth extraction on August 10. To the contrary, it is undisputed that Dr. Strickland: (1) played no role in Earls missing his June 22nd appointment; (2) saw Earls on June 25, when he prescribed antibiotics to reduce the inflammation and infection in advance of performing the surgery to remove the tooth; (3) Dr. Strickland surgically excised Earl's impacted wisdom tooth on August 10 after

numbing the area with Lidocaine with epinephrine.[3] *See Fourte v. Faulkner Cnty.*, 746 F.3d 384, 390 (8th Cir. 2014) (finding no deliberate indifference when medical providers "made efforts to cure the problem in a reasonable and sensible manner").

Earls' speculation that Dr. Stringfellow did something wrong to cause Earls to miss his June 22 appointment is factually unsupported and contrary to common sense. No reasonable fact-finder could conclude, based on this record, that Dr. Stringfellow acted with deliberate indifference to prevent Earls from being treated on June 22.

Earls' allegations regarding the August 10th procedure, unaccompanied by any medical proof, are not sufficient to create a fact question on deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment"); s*ee also Reid v. Griffin*, 808 F.3d 1191, 1193 (8th Cir. 2015) (explaining that an "inmate cannot

---

[3] Dr. Stringfellow's extraction of Earls' wisdom tooth was a complete success, with Earls feeling better after needing, as Earls described it, between two and four days of bed rest. (Earls Depo, Doc. 36-5, at p. 5) (the "extraction had me [Earls] bedridden for . . . three, four days, two or three days, something like that."). Thereafter, Earls requested no further medical attention in connection with the extraction.

create a question of fact by merely stating that she did not feel she received adequate treatment"); *Meuir v. Greene Cnty. Jail Emply.,* 487 F.3d 1115, 1118 (2007) (explaining that, to defeat summary judgment, a prisoner "must clear a substantial evidentiary threshold to show that the prison's medical staff deliberately disregarded" the inmate's needs for adequate dental care).

Accordingly, Dr. Stringfellow is entitled to judgment as a matter of law on all Earls' claims against him.

### III.  Conclusion

Because Jacob Thomas Earls has not produced any evidence of deliberate indifference, Officer Brown and Dr. Stringfellow are entitled to summary judgment.

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant Dr. Stringfellow's Motion for Summary Judgment *(Doc. 34)* be GRANTED.

2. Defendant Officer Brown's Motion for Summary Judgment (*Doc. 25*) be GRANTED.

3. Earls' inadequate medical care claims against Dr. Stringfellow and Officer Brown be DISMISSED, WITH PREJUDICE.

Dated this 24th day of July, 2018.

                                          _____
                                          UNITED STATES MAGISTRATE JUDGE